United States District Court
Southern District of Texas
**ENTERED**
May 31, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUINTON CAVER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-1115 |
| | § | |
| CALIBER HOME LOANS, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Quentin Caver ("Plaintiff") sued defendant Caliber Home Loans, Inc. ("Defendant") alleging various causes of action relating to Defendant's allegedly improper origination, servicing, and pre-foreclosure activities for his real property located at 46 Sorrento Way Drive, Missouri City, TX 77459 (the "Property"). Pending before the court are Plaintiff's Motion to Remand (Docket Entry No. 8); Defendant Caliber Home Loans, Inc.'s Response in Opposition to Plaintiff's Motion to Remand ("Defendant's Response") (Docket Entry No. 9); Defendant Caliber Home Loans, Inc.'s Reply in Opposition to Plaintiff's Motion to Remand and Brief in Support ("Defendant's Reply") (Docket Entry No. 14); and Defendant Caliber Home Loans, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim, or Alternatively, Motion for More Definite Statement, and Brief in Support ("Defendant's Motion to Dismiss") (Docket Entry No. 13).

Defendant removed this action from the 240th Judicial District Court of Fort Bend County, Texas, alleging that the court has federal question jurisdiction over the action.[1] Plaintiff then moved to remand the action back to the state court.[2] After reviewing Plaintiff's Motion to Remand and Defendant's Response, the court issued an Order on April 26, 2019, requiring Plaintiff to amend his complaint to clarify his claims against Defendant.[3] Plaintiff filed his Amended Complaint on May 15, 2019.[4] The court reviewed Plaintiff's Amended Complaint and concluded that "it does not appear that [Plaintiff] intended to allege a federal statutory claim in his state court petition."[5] The court required Defendant to file a brief reply to Plaintiff's Amended Complaint explaining what federal claims it believed Plaintiff to be alleging by May 30, 2019.[6] Alternatively, if Defendant agreed that no federal claim is alleged, the court ordered the parties to file an agreed order of remand by May 30, 2019.[7] Defendant filed its Reply on May 30,

---

[1] See Notice of Removal, Docket Entry No. 1, pp. 3-4.

[2] See Plaintiff's Motion to Remand, Docket Entry No. 8.

[3] See Order [April 26, 2019], Docket Entry No. 10, p. 2.

[4] See 1st Amended Complaint for Declaratory Relief and Quiet Title as to Real Property Located at 46 Sorrento Way Drive Missouri City, TX 77459 and to Enjoin any Foreclosure/Sale During the Pendency ("Plaintiff's Amended Complaint"), Docket Entry No. 11.

[5] See Order [May 16, 2019], Docket Entry No. 12, p. 1.

[6] See id. at 1-2.

[7] See id. at 2.

2019, arguing that this court has federal question jurisdiction over claims contained in Plaintiff's Amended Complaint.[8] Defendant also moved to dismiss Plaintiff's Amended Complaint for failure to state a claim.[9]

Federal courts are courts of limited jurisdiction and may only hear cases within their statutory power. Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi, 143 F.3d 1006, 1010 (5th Cir. 1998). If a removed case is not within the federal court's subject matter jurisdiction, the court must remand the case to state court. 28 U.S.C. § 1447(c). As the removing party, Defendant bears a heavy burden to show that federal jurisdiction exists and that removal was proper. Manguno v. Prudential Property and Casualty Insurance Co., 276 F.3d 720, 723 (5th Cir. 2002). The removal statute is strictly construed in favor of remand, and all ambiguities are construed against removal. Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000).

Defendant removed this action on the basis of federal question jurisdiction, which extends to civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction is present "only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's

---

[8]See Defendant's Reply, Docket Entry No. 14, pp. 3-7.

[9]See Defendant's Motion to Dismiss, Docket Entry No. 13.

right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California, 103 S. Ct. 2841, 2856 (1983). A federal court may exercise federal question jurisdiction over a state law claim only in the rare case when "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 133 S. Ct. 1059, 1065 (2013).

In its Reply, Defendant argues that the court has federal question jurisdiction over both "Plaintiff's TILA [Truth in Lending Act] and RESPA [Real Estate Settlement Procedures Act] claims" and "Plaintiff's claim asserted under unspecified SEC regulation(s)."[10] Defendant is correct that Plaintiff's Amended Complaint mentions these federal laws and regulations. For example, under a claim labeled "INTRASTATE PRIVATE SECURITIES LAWS VIOLATION REGARDING A PRIVATE SECURITY," Plaintiff alleges that "Defendants jointly and severally are accused of either jointly or severally being responsible for securitizing events whereby they presented to the SEC or some other such local agency or under REG D a conversion document and process whereby the Mortgage and Note were subject to

---

[10]See Defendant's Reply, Docket Entry No. 14, pp. 1-2.

registration . . ."[11] Plaintiff is proceeding pro se and the legal basis for the claims contained in his Amended Complaint is often unclear. However, while Plaintiff fails to provide a statutory basis for some of his claims, he does clearly state at the outset that "strictly state laws are involved."[12] To the extent that Plaintiff refers to federal laws and regulations, Plaintiff frequently cites them along with phrases like "as implemented through state law."[13]

Defendant also argues that Plaintiff's "improperly pled state law claims" supply the court with federal question jurisdiction because (1) Plaintiff's SEC claim is completely preempted by federal law and (2) some of the state law claims "necessarily raise" questions of federal law.[14] The Supreme Court has held that

---

[11]See Plaintiff's Amended Complaint, Docket Entry No. 11, p. 25.

[12]See id. at 8.

[13]See, e.g., id. at 28 (". . . misrepresented material facts in consumer debt collections practice and MORTGAGE SERVICING FUNCTION under Federal Reg X and the act it stems from **as implemented through state law** and in this state . . . ."); 5 (". . . DEFENDANT received what was represented to be a Mortgage and/or Note and/or collateral pledge . . . from another without any involved ever telling QUINTON CAVER as REGULATION X as **enforced in, by, and through this state** . . . ."); 23 (describing practices which violate "several established laws, policies, practices, and procedures deemed and industry standard and federal law **enforced as and by and through state laws** implementing Regulation X, Regulation Z (Truth in Lending Act), and unfair debt collection practices act . . . .") (emphasis added).

[14]See Defendant's Reply, Docket Entry No. 14, pp. 4-5.

federal district courts have exclusive jurisdiction over "all suits in equity and actions at law brought to enforce any liability or duty created by [the Securities Exchange Act of 1934] or the rules or regulations thereunder." Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning, 136 S. Ct. 1562, 1566 (2016). To determine whether complete preemption applies, courts are to apply the same "arising under" test as is used in the federal question jurisdiction inquiry. Id. at 1569-70. As discussed above, Plaintiff does not appear to plead any causes of action under or seek any remedies provided by the Securities Exchange Act of 1934. Plaintiff's passing mention of SEC Regulations is not enough to support federal jurisdiction. Plaintiff's other state-law claims do not appear to be "artful pleading" to defeat federal jurisdiction, and Plaintiff's references to Regulation X (of RESPA) and Regulation Z (of TILA) do not appear to be in an effort to assert a federal cause of action.

Defendant, as the removing party, bears the burden to show that federal jurisdiction exists and that removal was proper. While the legal basis for the causes of action in Plaintiff's Amended Complaint is often unclear, the court is satisfied that Plaintiff did not intend to plead any federal causes of action against Defendant. Because all ambiguities in Plaintiff's Amended Complaint are to be construed against removal, the court concludes that this action does not present any claims or issues arising

under federal law. Accordingly, Plaintiff's Motion to Remand (Docket Entry No. 8) is **GRANTED**; and this action is **REMANDED** to the 240th Judicial District Court of Fort Bend County, Texas. Defendant Caliber Home Loans, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim (Docket Entry No. 13) is **DENIED** as **MOOT**. The Clerk of this court will provide a copy of this Memorandum Opinion and Order to the District Clerk of Fort Bend County, Texas.

**SIGNED** at Houston, Texas, on this the 31st day of May, 2019.

---------

SIM LAKE
UNITED STATES DISTRICT JUDGE